Haii, Judge,
 

 delivered the opinion of the Court:
 

 It-may be well doubted whether the complainant has any remedy to recover this debt, since the execution has been returned
 
 “
 
 satisfied.” When property is sold under execution, whether real or personal, there is no warranty of title either express or implied attached to such sale, independent of the act of 1807, cb. 4. There is no compulsion on any one to purchase j but he who pleases to. purchase, incurs the risk of purchasing a bad title. If a stranger had purchased in the present instance, could he have recovered iiis money back upon finding he had purchased a bad title? And can it make any difference that the purchaser was the Plaintiff in the execution ? He had the liberty of bidding, but when he purchased he stood in the same situation with a stranger. He was creditor and purchaser both ; in which of these capacities does ho come into the Court ? As creditor, it is said. Suppose, then, that a stranger had purchased and paid the money through the Sheriff to the Plaintiff, the Plain-, tiff would have no claim either at law or in equity ; his, claim would be satisfied, and he would rest satisfied, but the purchaser would not; and it is in that character that the complainant now stands in this Court.
 

 It seems to be an established principle, that no man shall be compelled to become the debtor of another, except in cases of hills of exchange, paid when protested, for the honor of the drawer, (1
 
 Term
 
 20. 1
 
 H. Bl.
 
 83, 91.3
 
 Esp. Rep.
 
 112;) find cases of implied assumpsits do not contradict the rule. If one person pay the debt of another, merely because he chooses to do it, he cannot recover the amount so paid from the debtor. Nor is the case different, if he voluntarily purchase a bad title at a Sheriff’s sale, and thereby discharges it. The law in
 
 *294
 
 such case will not imply an assumpsit. There is no pri-vity of contract between the parties. For these reasons, the complainant is not entitled to the relief he asks,
 

 But if complainant be entitled to recover, who ought to pay the debt? In common cases the Administrator ought to pay$ but if he. has delivered the property over to the next of kin, or if, as in the present case, he lias delivered over part and wasted part, so as not to be able to pay the debt, the property may be followed into the hands of the next of kin, although the administrator lias wasted more of the assets than the debts amount to. Butin the present case, the Adminístralo!* stands upon very different grounds. líe liad a demand at law, and at law that demand has been satisfied, and becomes into the Court to ask a favor. The equity of his request must he examined, as well as the equ.ty of the Defendant's objections. What are they ? They, state that this amount was paid to, or left in, the hands of the Administrator, for the purpose of paying this debt As to them, then, it is paid; the Administrator was the proper person to receive it from them, and they have- fully paid it, although the complainant never received it. We are then Jed to inquire who was in fault? and the answer is, the Administrator, and he is insolvent. The next question is, Ought not his securities to pay it? They undertoook for bis faithful administration of the estate, in which he has failed, and of course it would seem that they are answerable. But it is said that they are exonerated at law, and that equity will oncrate them. Admitting that to be the case, it has been brought about by the conduct of the complainant himself, by bidding at the Sheriff’s sale, and having his execution returned “ satisfied.” And if he by that means has put it out of his power to receive his debt from them, others ought not to be liable on that account. The Defendants have equal equity with the complainant, and this Court can give no relief. The bill must he dismissed.